UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRATA TRUST COMPANY, CUSTODIAN FBO PETER FIORETTI ROTH IRA 300002568 (AS ASSIGNEE OF LIBERTY TRUST COMPANY, LTD, AS CUSTODIAN FOR THE BENEFIT OF PETER JOHN FIORETTI IRA ACCOUNT TC003645), and PETER FIORETTI,

     Plaintiffs,

v.

LINDA E. GRECO

     Defendant.

Case No:

**COMPLAINT**

---

  Plaintiff, STRATA Trust Company, Custodian FBO Peter Fioretti Roth IRA 300002568 (as assignee of Liberty Trust Company, Ltd, as custodian for the benefit of Peter John Fioretti IRA Account TC003645) and Peter Fioretti ("Fioretti")(individual a "Plaintiff" and collectively "Plaintiffs"), by and through their undersigned attorneys, by way of this Complaint against Linda E. Greco ("Defendant" or "Guarantor"), allege on personal knowledge as to its own actions and on information and belief as to all other allegations, as follows:

### NATURE OF THE ACTION

  1. Plaintiffs bring this action for compensatory damages, interests, costs, and attorneys' fees against Defendant under that certain personal guaranty agreement that she signed as security for financing provided by the Plaintiffs.

### PARTIES

  2. Plaintiff STRATA Trust Company, Custodian FBO Peter Fioretti Roth IRA 300002568 (as assignee of Liberty Trust Company, Ltd, as custodian for the benefit of Peter John Fioretti IRA Account TC003645) is a trust company organized and existing as custodian for the

benefit of Peter Fioretti Roth IRA 300002568, having an office at c/o Mountain Real Estate Capital LLC, 6836 Carnegie Blvd, Suite 410, Charlotte, North Carolina 28211.

3. Plaintiff Peter Fioretti is an individual resident of Florida.

4. Defendant is an adult individual who is domiciled at 132 Ramsen Street, New York, New York, 11201. Accordingly, Defendant is a citizen of the State of New York.

## JURISDICTION AND VENUE

5. There is complete diversity of citizenship in this action between Plaintiff and the Defendant who are citizens of different states.

6. The amount in controversy in this matter is in excess of $11,793,877.48, exclusive of attorneys' fees and costs.

7. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) or (a)(2).

8. The Guarantor agreed to submit to the personal jurisdiction of this Court and that this Court is the proper venue of this action. As set forth in section 12 of the Guaranty (as defined below), the Guarantor agreed that the Guaranty "shall be deemed to be a contract entered into pursuant to the laws of the State of New York and shall in all respects be governed, construed, applied and enforced in accordance with applicable federal law and the laws of the State of New York, without reference or giving effect to any choice of law doctrine."

9. Pursuant to 28 U.S.C. §1391(a)(1) and (2), venue is also proper in this Court because Defendant resides in New York, New York, and a substantial part of the transactions and occurrences giving rise to the Plaintiff's claims occurred in this judicial district.

**FACTUAL BACKGROUND**

10. This action involves that certain loan ("Loan") from SDS BNDO Street Funding LLC ("Borrower") in favor of Liberty Trust Company, LTD as custodian for the benefit of Peter John Fioretti IRA Account TC003645 ("Liberty Trust"), subsequently assigned to STRATA Trust Company, Custodian for the benefit of Peter John Fioretti Roth IRA Account 300002568, and Peter Fioretti, (collectively "Lender").

11. The Loan is evidenced by that certain Promissory Note ("Note") dated April 11, 2017, in the original principal amount of $2,200,000.00 ("Loan Amount") in favor of the Lender. A true and correct copy of the Note is attached hereto as **Exhibit A**.

12. The Loan is secured by, among other things, that certain Loan Agreement ("Loan Agreement") by and between Borrower and Lender dated April 11, 2017, and that certain Side Letter Agreement dated April 12, 2017 ("Side Letter") by and between Louis V. Greco, Jr. and Lender, further acknowledged by Borrower and its manager, BNDO Manager LLC ("BNDO Manager"). A true and correct copy of the Loan Agreement and Side Letter are attached hereto as **Exhibits B** and **C**, respectively.

13. The Loan is further secured by the Loan Participation Agreement ("Loan Participation Agreement") dated October 11, 2017 by and between Lender and G46, LLC ("Participant"), as further amended by the First Amendment to Loan Participation Agreement ("First Amended Loan Participation Agreement") dated December [ ] 2017, and further amended by the Second Amendment to Loan Participation Agreement ("Second Amended Loan Participation Agreement") dated March 20, 2018. A true and correct copy of the Loan Participation Agreement, First Amended Loan Participation Agreement, and Second Amended Loan Participation Agreement are attached hereto as **Exhibits D, E, F**, respectively.

14. The Loan is further secured by that certain Guaranty ("Guaranty") dated April 12, 2017, given by Defendant Linda Greco ("Guarantor") for the benefit of Lender. A true and correct copy of the Guaranty is attached hereto as **Exhibit G**.

15. Section 1 of the Guaranty provides that the "obligations of Guarantor hereunder are and shall be absolute under any and all circumstances…" (See Ex. G, ¶1).

16. The Guaranty provides for the following guaranteed obligations ("Guaranteed Obligations"):

> (a) The amount of the Debt, including reasonable attorneys' fees incurred by the Payee to enforce the Note, that remains due but unpaid.
> (b) The amount of any and all liabilities, losses, damages, expenses, and charges arising out of or any way connected with litigation (threatened or actual) in connection with the (i) Loan, or (ii) that certain real property located at 22 Bond Street, New York New York, for which Payee or any affiliate of Payee may become liable or sustain.
> (c) The conditions set forth in that certain Side Letter dated as of the date hereof, between Payee, Maker, and BNDO Manager LLC.

(*See* Ex. G, ¶3).

17. Section 4 of the Guaranty provides that Guarantor shall be liable "for all reasonable out-of-pocket costs and expenses (including reasonable counsel fees)…in connection with the collection of the Guaranteed Obligations or any portion thereof or with the enforcement of this Guaranty." (*See* Ex. G, ¶4).

18. Section 5 of the Guaranty specifically states:

> This is a guaranty of payment and not of collection and, upon and during the continuance of any Event of Default of Maker under the Note or the other Loan Documents, Payee may, at its option, proceed directly and at once, without notice, against Guarantor to collect and recover the ***full amount of the Guaranteed Obligations*** or any portion thereof, without proceeding against Maker or any other person, or foreclosing upon, selling, or otherwise disposing of or collecting or applying against any of the mortgaged property or other collateral for the Loan.

(*See* Ex. G, ¶5)(emphasis added).

19. On or about October 11, 2017, the Borrower, Guarantor, BNDO Manager, and Lender entered into that certain Amended and Restated First Omnibus Loan Modification Agreement ("First Modification Agreement"), increasing the Loan Amount from $2,200,000.00 to $5,050,000.00. A true and correct copy of the First Modification Agreement is attached hereto as **Exhibit H**.

20. BNDO Manager and Lender previously entered into that certain loan in the amount of $1,400,000.00 as evidenced by that certain promissory note dated January 1, 2014 (the "$1.4M Loan"), and that certain loan in the amount of $1,000,000.00 as evidenced by that certain promissory note dated August 12, 2014 (the "1.0M Loan"). The $1.0M Loan and the $1.4M Loan are hereinafter collectively referred to as the BNDO Loans.

21. On or about October 11, 2017, Borrower further made a loan to 22 BNDO MEZZ LLC, a Delaware limited company ("Joint Venture") in the amount of $5,050,000.00 ("Partnership Loan"). The Joint Venture is the sole member of 22 BNDO, LLC, a Delaware limited liability company ("Owner") which is the fee owner in that certain six-unit condominium project located on 22 Bond Street (the "Project").

22. On or about December [ ], 2017, the Borrower, Guarantor, BNDO Manager, and Lender entered into that certain Second Omnibus Loan Modification Agreement ("Second Modification Agreement"), increasing the Loan Amount from $5,050,000.00 to $5,250,000.00. A true and correct copy of the Second Modification Agreement is attached hereto as **Exhibit I**.

23. On or about March 20, 2018, the Borrower, Guarantor, BNDO Manager, and Lender entered into that certain Third Omnibus Loan Modification Agreement ("Third Modification Agreement"), increasing the Loan Amount from $5,250,000.00 to $6,450,000.00. A true and correct copy of the Third Modification Agreement is attached hereto as **Exhibit J**.

24. The First Modification Agreement, Second Modification Agreement, and Third Modification Agreement each reaffirmed the Guaranty and included in relevant part the following:

> **Reaffirmation of Guaranty**. Guarantor, by her signature below as such, for a valuable consideration, the receipt and adequacy of which are hereby acknowledged, hereby consent to this Agreement and hereby declares to and agrees with Lender that the Guaranty is and shall continue in full force and effect for the benefit of Lender with respect to the Obligations, as amended by this Agreement, that there are no offsets, claims, counterclaims, cross-claims or defenses of the Guarantor with respect to the Guaranty nor, to Guarantor's knowledge, with respect to Obligations, for which Guarantor is liable pursuant to the Guaranty, that the Guaranty is not released, diminished or impaired in any way by this Agreement or the transactions contemplated hereby, and that the Guaranty is hereby ratified and confirmed in all respects. Guarantor hereby reaffirms all of the representations and warranties set forth in the Guaranty. Guarantor acknowledges that without this consent and reaffirmation, Lender would not execute this Agreement or otherwise consent to its terms.

(*See* Ex. H, ¶10; Ex. I, ¶7; Ex. J, ¶7).

25. The Note, Loan Agreement, Side Letter, Guaranty, Loan Participation Agreement, First Amended Loan Participation Agreement, Second Amended Loan Participation Agreement, First Modification Agreement, Second Modification Agreement, and Third Modification Agreement are collectively referred to as the Loan Documents.

26. As set forth in the Loan Agreement, all sums due and owed under the Loan were required to be repaid, in full, by December 31, 2017 (the "Maturity Date"), as further extended to June 30, 2018, pursuant to the Third Modification Agreement,

27. Borrower defaulted and remains in default as a result of its failure to pay the outstanding principal and interest as required on the applicable Maturity Date ("Borrower's Default").

28. On or about July 6, 2023, a Notice of Default ("Notice of Default") was issued to the Borrower and the Guarantor. A true and correct copy of the Notice of Default is attached hereto as **Exhibit K**.

29. Demand was made on the Guarantor for prompt payment of the Guaranteed Obligations with regard to the Borrower's Default. Guarantor has refused to make prompt payment in accordance with the Guaranty and remains in default of the Guaranty.

### COUNT I
**(Breach of Contract - Guaranty)**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. On or about April 12, 2017, the Defendant executed the absolute and unconditional Guaranty, guaranteeing the payment obligations of the principal sum evidenced by the Loan Documents, including but not limited to minimum interest, default interest, and attorneys' fees and costs.

32. As a result of the Borrower's Default for failing to pay the outstanding principal and interest as required on the applicable Maturity Date and in accordance with the Loan Documents, the Guarantor assumed and became liable to the Lender for the Guaranteed Obligations (as defined above), in excess of $11,793,877.48, in accordance with the terms of the Guaranty and Loan Documents.

33. The Guarantor has failed and/or refused to pay the Guaranteed Obligations in breach of the Guaranty, including but not limited to sections 1, 4, 5 of the Guaranty.

34. Plaintiffs have suffered damages as a result of the Guarantor's breach of the Guaranty.

35. Defendant is liable in excess of $11,793,877.48, exclusive of attorneys' fees and costs. Defendant is also liable to Plaintiffs for the minimum interest and default interest which continues to accrue, and attorneys' fees and costs, incurred and to be incurred by Plaintiffs in connection with action.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against the Defendant for compensatory damages for the Guaranteed Obligations in an amount in excess of $11,793,877.48, plus continuing pre-judgment interest thereon on and after September 6, 2023, and such further and other relief as the Court determines is just and appropriate.

Respectfully submitted,

Dated: New York, New York
September 6, 2023

**WHITE AND WILLIAMS LLP**

BY: _____

Agatha Mingos, Esq.
7 Times Square, Suite 2900 |
New York, NY 100036
Phone: 212.631.4438
*Attorneys for Plaintiffs.*