# Exhibit L

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Greta C Wallace          (704) 444-2000

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Katten Muchin Rosenman LLP
550 S. Tryon Street
Suite 2900
Charlotte, NC  28202-4213

greta.wallace@katten.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| GRECO | LINDA | E. | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 132 REMSEN STREET | NEW YORK | NY | 11201 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |
|---|
| STORY TWO LLC |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 132 REMSEN STREET | NEW YORK | NY | 11201 | USA |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|
| | | LLC | New York | |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| STRATA TRUST COMPANY, Custodian for benefit of Peter J Fioretti Roth IRA Account 300002568 |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| c/o Mountain Real Estate Capital, LLC, 6836 Carneige Blvd., Suite 410 | Charlotte | NC | 28211 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

See Schedule A attached hereto and incorporated herewith.

**5. ALTERNATIVE DESIGNATION [if applicable]:** ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

**6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum  [if applicable]  **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]  ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
Filed with: NY - Department of State (333953-00067)

F#873643
A#1196277

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## SCHEDULE A TO UCC FINANCING STATEMENT

| **DEBTOR #1:** | **LINDA E. GRECO** |
|---|---|
| **[DEBTOR #2:]** | **STORY TWO LLC,** a New York limited liability company |
| **DEBTOR ADDRESS:** | 132 Remsen Street<br>New York, New York 11201 |
| **SECURED PARTY:** | **STRATA Trust Company**, Custodian for benefit of Peter J Fioretti Roth IRA Account 300002568 |
| **SECURED PARTY'S ADDRESS:** | c/o: Mountain Real Estate Capital, LLC<br>6836 Carnegie Blvd., Suite 410<br>Charlotte, NC 28211 |

To secure the prompt payment and performance in full when due, whether by lapse of time or otherwise, of the Obligations (as defined in the Pledge Agreement), the Debtor hereby absolutely and unconditionally assigns and/or pledges to the Secured Party, and grants to the Secured Party a continuing security interest in any and all right, title and interest of the Debtor in and to the following, (collectively, the "**Pledged Collateral**"):

    a.    (i) any and all membership interests of Debtor in the Owner, now existing or hereafter acquired (the "**Membership Interests**"), and all distributions, capital and profits, cash, warrants, rights, certificates, instruments, chattel paper and other rights, property or proceeds and products from time to time received, receivable or otherwise distributed in respect of or in exchange for any or all of the Membership Interests; (ii) all additional rights to purchase interests in the Owner from time to time acquired by Debtor in any manner (which interests shall be deemed to be part of the Membership Interests), the certificates or other instruments representing such additional interests and other property or proceeds from time to time received, receivable or otherwise distributed in respect of or in exchange for any or all of such additional interests or other rights; and (iii) to the extent not covered by clauses (i) and (ii) above, all Proceeds of any or all of the foregoing.  The term "**Proceeds**" shall have the meaning assigned that term under the Uniform Commercial Code (the "**Code**") as in effect in the State of New York and, in any event, shall include, but not be limited to, any and all (A) proceeds of any indemnity or guaranty payable to Debtor or Secured Party from time to time with respect to any of the Pledged Collateral, (B) any and all amounts paid or payable to Debtor for or in connection with any sale or other disposition of Debtor's interest in the Owner and (C) any other amounts from time to time paid or payable under or in connection with any of the Pledged Collateral, including but not limited to proceeds resulting from any refinancing of the Real Property.

    b.    all of Debtor's right, title and interest: (i) as a member in and to the Owner, whether now owned or hereafter acquired, including, but not limited to, any management and voting rights with respect to the Membership Interests, (ii) all other property which, absent this Agreement would, now or hereafter, be distributable or distributed, transferable or transferred, payable or paid, or deliverable or delivered to Debtor as a member in the Owner, whether at any time prior to, or in connection with, or after the dissolution of Owner, if any, including, without limitation, distributions of cash and of property in kind by the Owner (collectively, the "**Distributions**"), and (c) all other rights, interests, claims and other property of Debtor in any manner arising out of or relating to the Membership Interests, whether such rights, interests, claims or other property are now owned or hereafter acquired by Debtor, whatever their respective kind or character, whether they are tangible or intangible property, and wheresoever they may exist or be located, including, without limitation, all Proceeds, goods, documents, instruments, general tangibles, chattel paper, accounts and deposit accounts (as such terms defined in the Code), if

any, now owned or hereafter acquired by Debtor and in any manner arising out of or relating to the Membership Interests, and further including, without limitation, all of the rights of Debtor as a holder of the Membership Interests to: (1) operate the business of the Owner and deal with and receive the benefit from the Owner's assets, (2) receive proceeds of any indemnity, warranty or guaranty under any agreement between Debtor and any other party or entity associated with the Owner; (3) fees, income, rents, proceeds of sale, issues, earnings, deposits, receipts, royalties, revenues, recoveries, compensation, permits, trade or business names, franchises, claims and causes of action arising out of or relating to the Owner, and all other rights, powers, property and remedies of Debtor with respect to any of the foregoing; and (4) access to the Owner's books and records and to other information concerning or affecting the Owner.

DEFINITIONS AS USED HEREIN:

*Capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Assignment and Pledge of Membership Interest and Security Agreement between Debtor and Secured Party dated as of December 31, 2018 ("**Pledge Agreement**").*

"**Owner**" means, STORY TWO LLC, a New York limited liability company.