UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRATA TRUST CO., et al.,

                          Plaintiffs,

-against-

LINDA E. GRECO, et al.,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2024

23-CV-07910 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Currently pending before the Court are Plaintiffs' STRATA Trust Company, Custodian FBO Peter Fioretti Roth IRA 300002568 (as assignee of Liberty Trust Company, Ltd., as custodian for the benefit of Peter John Fioretti, Ltd. IRA Account TC003645) and Peter Fioretti, (together, "Plaintiffs") motion for default judgment against Defendant SDS BNDO Street Funding, LLC (Dkt. No. 38) and Plaintiffs' motion for summary judgment against Defendant Linda E. Greco (Dkt. No. 54). For the reasons discussed below, Plaintiffs' motion for default judgment and motion for summary judgment are hereby GRANTED.

    **I.**    **Motion for Default Judgment (Dkt. No. 38)**

      Plaintiffs filed a motion for default judgment against Defendant SDS BNDO Street Funding LLC on March 5, 2024. Dkt. No. 38. The Court held a show cause hearing on April 16, 2024, and, after that hearing, ordered Plaintiffs to "submit any additional materials regarding diversity of citizenship with respect to Defendant SDS BNDO Street Funding LLC." Dkt. No. 47; *see also* Dkt. No. 50.

      Plaintiffs investigated the citizenship of Defendant SDS BNDO in accordance with the Court's April 17 and April 30, 2024 Orders. *See* Dkt. Nos. 47, 50. Plaintiffs submitted the operating agreement for Defendant SDS BNDO, which shows that Defendant SDS BNDO is comprised of members with addresses in New York, New Jersey, Connecticut, and Singapore. Dkt. No. 49-1 at 27. Four members listed in Defendant SDS BNDO's operating agreement— SDS BNDO Manager LLC, Lucky Duck LLC, G46 LLC, and Post Road Realty Services LLC— are limited liability companies, not individual persons. *Id.* The managing member of SDS BNDO is SDS BNDO Manager LLC, with New York-resident Louis V. Greco Jr. as its sole member. *See* Dkt. No. 49. Lucky Duck LLC is a New York LLC and has members that are domiciled in New York and Massachusetts. *See* Dkt. Nos. 51, 67. G46 LLC has two members who are domiciled in New York. *See* Dkt. No. 51. Post Road Realty Services LLC is a Delaware LLC and has members that are domiciled in New York and Massachusetts. *See* Dkt. Nos. 51, 67.

      Having reviewed Plaintiffs' submissions regarding the citizenship of Defendant SDS BNDO, the Court finds that complete diversity of citizenship exists between Plaintiffs and

1

Defendants. As plead in the amended complaint (Dkt. No. 21), Plaintiff STRATA Trust Company "is a trust company organized and existing as custodian for the benefit of Peter Fioretti Roth IRA 300002568, having an office at c/o Mountain Real Estate Capital LLC [in] North Carolina" and Plaintiff Peter Fioretti is a resident of Florida. Dkt. No. 21 at ¶¶ 3–4. Defendant Greco is a resident of New York, *id.* at ¶ 5, and the citizenship of Defendant SDS BNDO is discussed *infra*. Accordingly, complete diversity of citizenship exists between Plaintiffs and Defendants.

Defendant SDS BNDO was added to this action as a Defendant on December 15, 2023 when Plaintiffs filed their first amended complaint. Dkt. No. 21. Plaintiffs served Defendant SDS BNDO on January 3, 2024. *See* Dkt. No. 24. In the intervening months since it was added to this action, Defendant SDS BNDO has not filed a notice of appearance, nor has it responded to this action in any way. The allegations in the Complaint properly allege a breach of contract claim against SDS BNDO. Thus, upon consideration of Plaintiffs' motion for default judgment (Dkt. No. 38) and the declaration of Agatha C. Mingos and all attached exhibits (Dkt. No. 39), the Court finds that default judgment should be entered against Defendant SDS BNDO.

Accordingly, it is hereby ORDERED that Plaintiffs' motion for default judgment against Defendant SDS BNDO Street Funding LLC (Dkt. No. 38) is GRANTED. Judgment shall be entered against Defendant SDS BNDO Street Funding LLC for Count Two of the first amended complaint in the amount of $13,281,622.48 as of October 31, 2024, with per diem interest in the amount of $3,378.47 continuing to accrue, plus costs and disbursements of this action in the amount of $55,834.38 amounting in all to $13,337,456.86, and with pre-judgment and post-judgment interest at the legal rate until the Judgment is paid in full. It is further ORDERED that judgment shall be entered against Defendant SDS BNDO Street Funding LLC in the amount of $13,337,456.86, and the Court shall retain jurisdiction over any matter pertaining to this Judgment. The Clerk of Court is respectfully directed to terminate Dkt. No. 38.

## II.     Motion for Summary Judgment (Dkt. No. 54)

In addition to the motion for default judgment, Plaintiffs filed a motion for summary judgment against Defendant Linda Greco on May 31, 2024. Dkt. No. 54. As described in Plaintiffs' summary judgment motion, "[t]his action stems from a mezzanine loan provided by Plaintiffs [to Defendant SDS BNDO Street Funding LLC], which Defendant Greco personally guaranteed." Dkt. No. 56 at 1. The following facts are undisputed: Defendant Greco personally guaranteed Defendant SDS BNDO's performance under the loan, Defendant SDS BNDO then defaulted on the loan, and Defendant Greco failed to satisfy the guaranty obligations thereby breaching the personal guaranty. *Id.* Plaintiff moved for summary judgment on Count One of the first amended complaint and requested that the Court enter judgment against Defendant Greco "in excess of $12,759,546.83, plus attorneys' fees and costs, with interest and costs continuing to accrue. The per diem interest amount on the Loan pursuant to the Loan Documents is $2,702.78 for interest, and $675.69 for default interest, for a total amount of $3,378.47 in per diem interest, that continues to accrue each day." *Id.* at 9.

Defendant Greco requested additional time to oppose the motion for summary judgment, which the Court granted. *See* Dkt. No. 61. Shortly after the Court's initial extension of Defendant Greco's deadline to oppose the motion, Defendant Greco's former counsel withdrew

from this action.  *See* Dkt. Nos. 62, 66.  The Court provided Defendant Greco with two additional extensions to secure new counsel and to oppose or otherwise respond to Plaintiffs' motion for summary judgment.  *See* Dkt. Nos. 67, 72.  New counsel appeared on Defendant Greco's behalf on September 30, 2024.  Dkt. No. 70.  On September 6, 2024, Defendant Greco advised the Court that she "would not be submitting opposition to [P]laintiff[s'] motion for summary judgment." Dkt. No. 73.  Thus, Plaintiffs' summary judgment motion is unopposed.

      The Court has reviewed Plaintiffs' motion for summary judgment, memorandum of law in support thereof, the affidavit of Peter Fioretti and the attached exhibits, and the declaration of Agatha C. Mingos and the attached exhibits.  *See* Dkt. Nos. 54–58.  The Court is satisfied that Plaintiffs have met their burden of establishing that they are entitled to summary judgment against Defendant Greco, as there are no disputed issues of material fact with respect to each element of Plaintiffs' breach of contract claim asserted against Defendant Greco.  This conclusion is underscored by Defendant Greco's decision to not oppose the summary judgment motion even after securing new counsel.

      Accordingly, Plaintiffs' motion for summary judgment against Defendant Greco (Dkt. No. 54) is hereby GRANTED.  Judgment shall be entered against Defendant Linda Greco for Count One of the first amended complaint in the amount of $13,276,452.74 as of October 31, 2024, with per diem interest in the amount of $3,378.47 continuing to accrue, plus costs and disbursements of this action, and with pre- and post-judgment interest at the legal rate until the Judgment is paid in full.  It is further ORDERED that judgment shall be entered against Defendant Greco in the amount of $13,276,452.74, and the Court shall retain jurisdiction over any matter pertaining to this Judgment.  It is further ORDERED that Plaintiffs shall submit proof of attorneys' fees and costs related to its efforts with respect to Count One of the first amended complaint, no later than December 2, 2024.  The Clerk of Court is respectfully directed to terminate Dkt. No. 54.

*   *   *   *

      As default judgment has been granted against Defendant SDS BNDO Street Funding LLC on Count Two of the first amended complaint, *see supra* § I, and summary judgment has been granted against Defendant Greco on Count One of the first amended complaint, *see supra* § II, there are no outstanding claims in Plaintiffs' first amended complaint against any defendant.  Accordingly, the Clerk of Court is respectfully directed to CLOSE this case.  The Court will retain jurisdiction over the amount of attorneys' fees and costs to be assessed as part of the judgment.

Dated: October 31, 2024
      New York, New York

                                                               SO ORDERED.

                                                               MARGARET M. GARNETT
                                                               United States District Judge